UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MUHSIN H. ABDUR-RAHIIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 08-224-ART |
| v. ) | |
| ) | |
| JOHN DOE, et al., ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Muhsin H. Abdur-Rahiim is currently incarcerated at the Federal Correctional Institution-Fairton, in Fairton, New Jersey. He has submitted a *pro se* Complaint pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in which he seeks damages and declaratory and injunctive relief for inadequate medical care he received while he was incarcerated at the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky. *See* R. 2. Specifically, he claims that Dr. Michael W. McDonald, an unknown Health Services Administrator at USP-Big Sandy, and unknown medical personnel at the prison and the hospital were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment. *See id.* His accompanying Motion to Proceed *in forma pauperis*, R. 3, was granted by a separate Order, R. 4.

The Court is required to screen the Complaint before allowing it to proceed pursuant to 28 U.S.C. § 1915A(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). For

the purpose of this screening, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and Congress has mandated dismissal of any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

## FACTS

The factual allegations here are summarized from Plaintiff's Complaint. Abdur-Rahiim apparently became aware of his medical condition in 2003 when he was diagnosed with a "left epididymal cyst or spermatocele." On February 14, 2004, after his transfer to USP-Big Sandy, Abdur-Rahiim was evaluated by a urologist for pain and discomfort in his left scrotum. Later, on July 28, 2004, a left testicular varicocele was diagnosed, on September 16, 2004, an ultrasound was performed, and on December 8, 2004, a urologist recommended surgery to alleviate his pain. Plaintiff alleges that on February 14, 2005, Defendant Dr. McDonald performed a surgery which purportedly "was not discussed with me" and did not alleviate his discomfort. Abdur-Rahiim claims that he still experiences the pain in his scrotum.

Nine months later, on November 12, 2006, Plaintiff claims he began the BOP's administrative remedy process "to try to clear this situation up." He states that on December 26, 2006, he received a response, denying his grievance. Therefore, he appealed the denial of his grievance. On December 10, 2008, Abdur-Rahiim filed this civil action.

## DISCUSSION

If it is clear from the face of a prisoner's complaint that relief is barred, the complaint may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007). It appears from the face of Abdur-Rahiim's complaint that he has failed to exhaust his administrative remedies and that his claims are barred by the one-year statute of limitations pursuant to Kentucky law. When it is clear from the face of the complaint that it was not filed within the statutory period, it must be dismissed.

**Exhaustion**

The Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, requires prisoner-plaintiffs to have exhausted "such administrative remedies as are available" prior to filing a lawsuit. 42 U.S.C. § 1997e(a). For federal prisoners complaining of any issues or conditions regarding their incarceration, the available administrative remedies are provided in a 4-tiered administrative remedy scheme. *See* 28 C.F.R. §§ 542.10–.19 (1998). In this process a prisoner must first raise a matter informally with a prison staff member, then obtain a response from the highest official at the prison, and if still not satisfied, appeal to higher BOP officials in the applicable region and finally appeal nationally. *Id.* (outlining and defining each step in the process).

Specifically, 28 C.F.R. § 542.13(a) demands that an inmate "shall first present an issue of concern informally to staff . . . before an inmate submits a Request for Administrative Remedy," thereby completing the first tier with a grievance form and providing BOP staff with an informal opportunity to correct the problem or grievance, before the prisoner files a formal request for an administrative remedy. *Id.* "The deadline for completion of informal resolution and submission of

a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." § 542.14.

The remaining levels also impose time limitations on both the institution and the prisoner. The warden has 20 days to respond to a BP-9. § 542.18. If the inmate is not satisfied with the Warden's response, within 20 days, he may appeal (BP-10 form) to the Regional Director, who has 30 days to respond. § 542.15 (a). If the prisoner is not satisfied with the Regional Director's response, then within 30 days of that response, he may appeal (BP-11) to the Office of General Counsel, which has 40 days to respond. *Id*.

The Supreme Court of the United States has held that the law requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006) (concluding that a prisoner cannot satisfy the Prison Litigation Reform Act's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). The Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. That cannot happen "unless the grievant complies with the system's critical procedural rules." *Id.* Proper exhaustion includes "compliance with an agency's deadlines and other critical procedural rules." *Id*. at 90.

According to the dates cited by Abdur-Rahiim, he filed a grievance about his February 2005 surgery in November of 2006. This filing was not timely because the regulation requires that an initial request or grievance be filed within 20 days of the incident. Further, he states that he appealed the denial in December of 2006, but he does not allege that he fully exhausted all his appeal opportunities. Thus, it seems from the allegations in the Plaintiff's Complaint that he did

not properly exhaust his administrative remedies before filing this suit. When a prisoner fails to exhaust his administrative remedies, he denies BOP officials an opportunity to deal with complaints presented to personnel at the institutional level with a later review at the highest levels of the BOP, and robs the Court of a record, which would be helpful in this case. *See also Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988); *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979). Further, he deprives himself of his right to litigate. Even though exhaustion of administrative remedies is required by statute, failure to exhaust is an affirmative defense that may be waived by the Defendants. *Jones*, 549 U.S. at 216 (reversing the Sixth Circuit's decision and making clear that a prisoner is not required to affirmatively plead exhaustion of his administrative remedies to avoid having his complaint dismissed). Accordingly, it does not provide grounds for dismissal *sua sponte* by this Court. *See id.*; *Baker v. Mukasey*, 287 Fed. App'x 422, 425 (6th Cir. 2008).[1]

**Statute of Limitations**

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones*, 549 U.S. at 215. Like exhaustion, defendants generally must affirmatively plead the statute of limitations as a defense. Unlike exhaustion, however, if the face of the complaint makes it clear that it was not timely filed, courts must dismiss the complaint at the screening stage. *See Jones*, 549 U.S. at 215 (stating that if the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" (citing Fed. Rule Civ. Proc. 8(c));

---

[1] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

*Watson v. Wayne County*, 90 Fed. App'x 814, 815 (6th Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."). Thus, while a prisoner is not required to plead that his complaint was filed within the statutory period, if, as here, he includes facts that indicate the complaint was filed outside the statutory period, it is subject to dismissal. *See id.*; *Baker*, 287 Fed. App'x at 425 (affirming a district court's dismissal of a prisoner's claims pursuant to 1915A(b) when the dates included in the complaint showed that the incidence in question occurred more than one year before the complaint was filed).

The statute of limitations applicable to a *Bivens* claim in federal court is the state statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *McSurely v. Hutchison*, 823 F.2d 1002, 1003–04 (6th Cir. 1987). Because Abdur-Rahiim's injury occurred in Kentucky, this Court must apply Kentucky's statute of limitations applicable to personal injury claims. *Baker v. Mukasey*, 287 Fed. App'x 422, 424 (6th Cir. 2008); *see Eidson v. Tenn. Dep't of Children Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). The Kentucky statute of limitations for personal injury cases is one year. Ky. Rev. Stat. 413.140(1)(a); *see Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990) (determining that Ky. Rev. Stat. 413.140(1)(a), which provides for a one year statute of limitations, is the general personal injury limitations statute).

Abdur-Rahiim filed his Complaint asserting an Eighth Amendment claim about a single medical injury. His Complaint indicates that the relevant date was February 14, 2005, when the Defendant Dr. McDonald performed surgery on him. He complains both that the surgery was performed without his permission and that it did not alleviate his discomfort. Both of these facts,

taken as true at this stage, were known to the Defendant on the date of the surgery. *C.f. Robinson v. United States Dep't of the Army*, 48 Fed. App'x 970, 971 (6th Cir. 2002) (unpublished) ("Generally, a cause of action accrues and the statute of limitations begins to run in a medical malpractice action upon the patient's awareness of the injury and its cause . . . ."). Thus, Abdur-Rahiim had from February 14, 2005, until February 14, 2006, to file timely any claims based on the injuries he received during the surgery. Yet, he did not file this action until December 10, 2008— almost 4 years after the surgery and two years after he filed his grievance. There are no other complaints or dates mentioned. Furthermore, the fact that the statute of limitations could have been tolled while he sought his administrative remedy, *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), is of no consequence here. The facts Abdur-Rahiim alleges indicate that he did not seek remedy from the BOP until November 12, 2006, well after the statute of limitations had run. *See Jones v. Seabold*, 11 Fed. App'x 486, 486–87 (6th Cir. 2001) (affirming the district court's sua sponte dismissal on the basis that the claims were time barred when the claimant did not indicate on appeal that the tolling of the statute of limitations while he exhausted his administrative remedies changed the result). As such, the Court concludes from the face of Plaintiff Abdur-Rahiim's Complaint that the Complaint is time-barred. Therefore, he has failed to state a claim upon which relief may be granted, and his Complaint must be dismissed. *See Jones*, 549 U.S. at 215; 28 U.S.C. § 1915(e)(2)(b).

## CONCLUSION

Accordingly, it is **ORDERED** that this action is **DISMISSED** *sua sponte*. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This the 27th day of January, 2009.

Signed By:
*Amul R. Thapar*   AT
United States District Judge