UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MUHSIN H. ABDUR-RAHIIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 08-224-ART |
| v. | ) |
| | ) |
| JOHN DOE, et al., | ) MEMORANDUM OPINION & ORDER |
| | ) |
| Defendants. | ) |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Muhsin H. Abdur-Rahiim is currently incarcerated at the Federal Correctional Institution-Fairton, ("FCI-Fairton") in Fairton, New Jersey. He submitted a *pro se* Complaint pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in which he seeks damages and declaratory and injunctive relief for inadequate medical care. *See* R. 2. The Court initially construed his Complaint as seeking relief for allegedly inadequate treatment he received at USP-Big Sandy in Inez, Kentucky, but it now appears that he seeks relief for allegedly inadequate care at FCI-Fairton. *See* R. 7. It also appears he is seeking relief for the same sequence of events pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346. *See id*. He filed a Motion to Proceed *in forma pauperis*, R. 3, and the Court granted that motion, R. 4. The Court screened his complaint pursuant to 28 U.S.C. § 1915A(a), *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), and dismissed his claims *sua sponte* because it concluded from the face of his Complaint that his claims were time-barred, R. 5.

Plaintiff then filed a Motion to Alter Judgment, in which he set out a more thorough and careful chronology of events and more clearly indicated the conduct for which he seeks relief.  *See* R. 7.

The Court reviews this Motion as though it were initially screening it.  For the purpose of this screening, the pleading is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and Congress has mandated dismissal of any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

### CORRECTED FACTS

According to the chronology set out in Abdur-Rahiim's Motion, R. 7, on February 14, 2005, he underwent surgery while he was incarcerated at USP-Big Sandy.  Then, on October 20, 2005, Plaintiff was transferred to his current prison assignment, FCI-Fairton.  He initially complained to medical personnel at FCI-Fairton of scrotal pain on November 23, 2005.  They purportedly told Plaintiff that his continuing discomfort was routine after surgery and that the discomfort would disappear.  He continued to have pain, and when the pain had not disappeared by November 17, 2006, he began the BOP administrative process at Fairton.

Plaintiff has attached the documents exchanged during the BOP process to his Motion.  Abdur-Rahiim's pursuit of his administrative remedy began with his informal grievance on November 17, 2006, and ended with his receipt of the National BOP Office's response of May 8,

2007.  Abdur-Rahiim's initial BOP grievance in 2006 "was a claim against the post-after care of the surgery.  This after care or lack of after care continues to this day [at Fairton]".  R. 7.  The documents also indicate that in December of 2007 Plaintiff filed an administrative claim about the 2005 surgery and the medical care at Big Sandy and FCI-Fairton under the Federal Torts Claim Act.  The BOP denied his FTCA on June 6, 2008, and advised Abdur-Rahiim of his right to sue within 6 months.  Abdur-Rahiim signed and submitted his verified Complaint on December 4, 2008, and the Clerk received the document on December 10, 2008.

## DISCUSSION

In addition to providing a more detailed chronology in his Motion, Plaintiff also clarifies his intended claims.  *See* R. 7.  He explains that he "did not file his ARP grievance, per se, against the surgery performed on him at USP Big Sandy on February 14, 2005, but rather the ARP was a claim against the post-after care of the surgery," R. 7 at 3, and that the "after care complained of occurred in New Jersey while he was incarcerated at FCI Fairton," R. 7 at 4.  Abdur-Rahiim makes no specific allegation, other than those made in his initial complaint, that the doctor negligently performed the surgery or that his care at Big Sandy was lacking.  In fact, the chronology in his Motion does not detail anything prior to November 15, 2005, other than the fact that he underwent surgery, and lists his first complaint of pain as occurring on November 23, 2005, after he had been transferred to FCI-Fairton.  *See* R. 7 at 2–3.  From the face of his Motion, therefore, it appears he now seeks relief under both *Bivens* and the Federal Tort Claims Act for the improper post-surgery care he received at FCI-Fairton in New Jersey, not for any conduct at USP-Big Sandy.  *See* R. 7 at 4.  Finally, Abdur-Rahiim has reminded the Court of his limited legal knowledge and has respectfully requested that the Court transfer his claims to the District of

New Jersey if that is the proper venue for his claims to be heard.

The district court has discretion to determine whether to grant such a request. An action initially brought in the wrong district may be dismissed, or if it is in the interest of justice, it may be transferred to any district in which the action could have been brought. 28 U.S.C. § 1406(a). Furthermore, if venue is initially proper, a federal district court has discretion to transfer a case to a different district in which venue is also proper "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Here, in the interest of justice, the Court will transfer Abdur-Rahiim's claims to the District of New Jersey.

**1.      Venue for Claims under the FTCA**

The Federal Tort Claims Act provides the federal district courts with jurisdiction to hear civil claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a private person would be liable for the conduct based the law of the place where the act or omission occurred. 28 U.S.C. § 1346 (b)(1). A claim against the United States pursuant to this Act "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); *see Upchurch v. Piper Aircraft Corp.*, 736 F.2d 439 (8th Cir. 1984) (construing statute as venue statute).

The Plaintiff has not indicated where he resided before his incarceration, and most circuit courts have held that a prisoner's place of incarceration is not his residence. *See Lindsey v. United States*, 2006 WL 2060651, *2 (N.D. W. Va. January 21, 2006) (noting circuit split on whether a prisoner's place of incarceration is his place of residence). In any event, the most appropriate venue in this case appears to be the District Court in New Jersey. The events

underlying his claim took place in New Jersey. And, liability under the FTCA is based on the law of the state where the event giving rise to liability occurred; *see* 28 U.S.C. § 1346(b); *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995), here that state is New Jersey. Accordingly, the Federal District Court for the District of New Jersey provides the proper venue for Abdur-Rahiim's pursuit of his FTCA claims for inadequate care.

**2.    Venue for *Bivens* Claims**

Proper venue in civil rights claims is governed by the general venue statute, 28 U.S.C. § 1391. Section 1391(e) provides a special venue provision for any action in which at least one of the defendants is an officer or employee of the United States or its agencies acting in his or her official capacity or under color of legal authority. *See* 28 U.S.C. § 1391(e). In such cases, venue is proper where (1) any defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if no real property is involved, where the plaintiff resides. *Id*.

To the extent that it was based on the 2005 events surrounding Abdur-Rahiim's surgery this matter was appropriately filed in the Eastern District of Kentucky. However, Abdur-Rahiim has now indicated his intention to seek redress for events occurring in Fairton, New Jersey. And accordingly, venue would be proper in New Jersey, where the acts or omissions giving rise to the claim occurred. Furthermore, the court deciding this case will be required apply the New Jersey statute of limitations, which may be determinative in this matter. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (limitations period for Section 1983 action is governed by statute of limitations for personal injury actions in the state in which claim accrues). And any defendants at Fairton would probably not be subject

to personal jurisdiction in Kentucky, making a transfer particularly appropriate. *See, e.g., Zakiya v. United States*, 267 F.Supp.2d 47 (D.D.C. 2003) (under Section 1404(a), transferring federal prisoner's FTCA and *Bivens* claims to the Northern District of West Virginia where warden was subject to personal jurisdiction). Additionally the witnesses and relevant documents are presumably located at or near FCI-Fairton, and all would be subject to the jurisdiction of the federal court in New Jersey.

Where venue is proper, 28 U.S.C. § 1404(a) permits a district court to transfer a case to another district where it might have been brought when doing so would serve the convenience of the parties or the interests of justice. Even if venue was not initially proper because the Court incorrectly construed Plaintiff's Complaint, 28 U.S.C. § 1406 grants the Court the discretion to either dismiss or transfer the case. Here transfer is appropriate. Abdur-Rahiim has indicated his limited knowledge and experience throughout this process; furthermore, he explicitly requested that the Court transfer his claims to the proper venue. Additionally, since the court in New Jersey will likely screen the claims before allowing them to proceed, transferring the case for that initial screening will place no burden on the defendants.

In light of the foregoing, this Court concludes that the interests of justice are best served by transferring this matter to the United States District Court for the District of New Jersey, which is familiar with the laws of New Jersey and applicable Third Circuit precedent.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   Muhsin H. Abdur-Rahiim's Motion for Reconsideration, R. 7, is **GRANTED**;

(2)   The Court's Memorandum Opinion and Order and contemporaneous Judgment of

January 27, 2009, R. 5; R. 6, are **SET ASIDE** and shall hereafter be held for **NAUGHT**;

(3) All claims asserted against Dr. Michael W. McDonald or any other Defendants residing in Kentucky arising from the February 14, 2005, surgery are **DISMISSED**, because it appears from Plaintiff's motion that he is no longer pursuing these claims;

(4) This action shall be **TRANSFERRED** to the United States District Court for the District of New Jersey for all further proceedings.

This the 11th day of March, 2009.

Signed By:
*Amul R. Thapar*  AT
United States District Judge